MAR 25 2026 PM1:48
FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

ERIK S. CHALLENGER, SR.,      )

Plaintiff,

-V-

HILLSBOROUGH COUNTY BOARD OF

COUNTY COMMISSIONERS,

Defendant.

Case No. 8:26-cv-811-SDM-CPT

Jury Trial: **Yes**

---

## COMPLAINT

### I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964.
2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper in the Middle District of Florida, Tampa Division.

### II. CONDITIONS PRECEDENT

4. Plaintiff filed EEOC Charge No. 511-2025-03959.
5. A Notice of Right to Sue was issued December 31, 2025.
6. This action is timely filed within 90 days.

### III. PARTIES

7. **Plaintiff,** Erik S. Challenger, Sr., is a resident of Hillsborough County, Florida and is employed by Hillsborough County Fire Rescue, Office of Emergency Management.

Address: 235 Apollo Beach Blvd, Apollo Beach, FL 33572
Phone: 757-375-1108
Email: eschallenger@gmail.com



8. **Defendant,** Hillsborough County Board of County Commissioners, is a public employer subject to Title VII.

  Address: 601 E. Kennedy Blvd, Tampa, FL 33602

## IV. FACTUAL ALLEGATIONS

9. Plaintiff began employment June 2023 and was promoted September 2023.

10. Plaintiff currently serves as an EM Coordinator / Human Services Branch Director.

11. Plaintiff reported through Katja Miller, Timothy Dudley Jr., and Jason Daugherty.

12. Plaintiff requested leave May - June 2025, which was denied without justification.

13. Similarly situated non-Black employees were allowed similar leave.

14. Plaintiff filed a discrimination complaint to Human Resources June–July 2025.

15. Shortly after the complaint, the Plaintiff was subjected to:
   - Mandatory training lasting approximately three and a half months
   - Threats of discipline
   - Workplace ostracism
   - Increased scrutiny not applied to others

16. Plaintiff was excluded from meetings central to his role.

17. From July 2025 for over five and a half months, Plaintiff had no meaningful communication with supervisors.

18. Plaintiff's first meeting after this period was a negative annual evaluation.

19. Prior evaluations were consistently very positive.

20. Plaintiff experienced isolation and workplace exclusion.

21. New verbal policies were applied disproportionately to Plaintiff.

22. Plaintiff suffered medical harm including anxiety and high blood pressure.

23. Plaintiff was medically removed from the workplace and placed on remote work status.

24. This accommodation was processed through Human Resources.

25. Plaintiff suffered emotional distress, reputational harm, and loss of career advancement.

26. Defendant's actions were intentional, willful, and taken with reckless disregard for Plaintiff's federally protected rights.

## V. Pre-Litigation Resolution Efforts

27. Following the issuance of the EEOC Notice of Right to Sue, Plaintiff made good-faith efforts to resolve this matter without litigation.

28. Plaintiff submitted a written settlement demand to Defendant outlining the claims and proposed resolution.

29. Plaintiff also attempted to communicate with Defendant through additional correspondence, including emails and telephone outreach.

30. Defendant failed to meaningfully respond to Plaintiff's attempts to resolve the matter.

31. As a result of Defendant's lack of response, Plaintiff was forced to pursue this action to protect his rights.

## VI. COUNT I – RACE AND SEX DISCRIMINATION (TITLE VII)

32. Plaintiff is a member of a protected class.
33. Plaintiff was treated less favorably than similarly situated employees outside of his protected classes, including non-Black and female employees who were granted comparable leave under similar circumstances.
34. Defendant violated Title VII.

## VII. COUNT II – RETALIATION

35. Plaintiff engaged in protected activity.
36. Defendant subjected Plaintiff to adverse actions.
37. A causal connection exists.
38. These actions would dissuade a reasonable employee from engaging in protected activity.

## VIII. COUNT III – HOSTILE WORK ENVIRONMENT

39. Plaintiff experienced severe and pervasive conduct.
40. Conditions of employment were altered.
41. Defendant failed to remedy.

## IX. PRAYER FOR RELIEF

Plaintiff requests:

A. Compensatory damages
B. Front pay
C. Emotional distress damages
D. Punitive damages
E. Injunctive relief
F. Costs
G. Any further relief deemed just

Plaintiff seeks compensatory damages, including emotional distress, medical-related damages, and loss of future earning capacity, estimated to exceed $445,000.

Plaintiff has suffered significant emotional and physical harm, including anxiety, stress, and high blood pressure requiring medical treatment. Plaintiff was medically removed from the workplace and placed on remote work status.

Plaintiff has also suffered reputational harm and loss of career advancement opportunities.

The unlawful conduct is continuing, as Plaintiff remains employed and continues to experience the effects of prior retaliation and exclusion.

Plaintiff seeks punitive damages to deter similar conduct, as well as injunctive relief including policy changes and training.

## X. JURY DEMAND

Plaintiff demands trial by jury.

## SIGNATURE

Erik S. Challenger, Sr. Pro Se
Date:  25 March 2026

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Tampa Field Office
501 East Polk St, Suite 1000
Tampa, FL 33602
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

**To:** Mr. E. Challenger Sr.
235 Apollo Beach Blvd
APOLLO BEACH, FL 33572
Charge No: 511-2025-03959

EEOC Representative and email:   DARNELL TREADWELL
INVESTIGATOR
DARNELL.TREADWELL@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 511-2025-03959.

On behalf of the Commission,

*Tamra S. Schweiberger*

Digitally signed by Tamra
Schweiberger
Date: 2025.12.31 07:34:22 -05'00'

Tamra S. Schweiberger
Director

**Cc:**

Danielle Green
HILLSBOROUGH COUNTY BOCC
9450 E. Columbus Dr.
TAMPA, FL 33619
Greendr@hcfl.gov

Danielle Green
Hillsborough County Attorney's Office
P.O. Box 1110
Tampa, FL 33601
Greendr@hillsboroughcounty.org

Jana Foxworth
Hillsborough County Attorney's Office
P.O. Box 1110
Tampa, FL 33601
Foxworthj@hillsboroughcounty.org

Please retain this Notice for your records.